Henry Taylor RAY, Plaintiff/Appellant,

v.

Brenda Joan RAY, Defendant/Appellee.

Court of Appeals of Tennessee,
Middle Section, at Nashville.

Sept. 20, 1995.

Permission to Appeal
Denied by Supreme Court
Jan. 29, 1996.

Edward P. Silva, R.E. Lee Davies, Hart-
zog, Silva & Davies, Franklin, for plaintiff/ap-
pellant.

Rose Palermo, Cheatham & Palermo,
Nashville, for defendant/appellee.

## OPINION

CANTRELL, Judge.

In this appeal we are required to deter-
mine if the trial judge properly valued the
husband's contractual rights as a State Farm
insurance agent and the parties' household
items and furniture. We affirm the trial
court's findings.

### I.

After twenty-one years of marriage the
parties separated in August of 1993. The
three children born of the marriage had
reached the age of majority. The husband,
then fifty-one years of age, had been an
agent for State Farm Insurance for twenty-
three years. The wife worked at various
low-paying jobs but for much of the marriage
she did not work outside the home.

Under the terms of Mr. Ray's contract
with State Farm he is not a salaried employ-
ee; instead, he receives commissions on the

premiums paid State Farm by his customers. Mr. Ray does not own the expiration dates on the State Farm policies nor can he transfer or sell his State Farm agency. The contract may be terminated by either party at any time and will terminate at Mr. Ray's death. At termination Mr. Ray will be entitled to a benefit based on the amount of business on his books. At the time of the trial that benefit would have amounted to approximately $4400 per month for a period of five years. A certified public accountant testified that an asset producing that stream of income would have a present value of $185,000 using an interest rate of nine percent. The trial judge used a different interest rate and found the present value of the asset to be $130,000.

## II.

■ Mr. Ray contends on appeal that his contractual right has no value as a marital asset because it is not vested. But, marital property is no longer defined in terms of vested rights. Instead, it is defined as "all real and personal property, both tangible and intangible, acquired by either or both during the course of the marriage...." Tenn.Code Ann. § 36–4–121(b)(1)(A). We have held that nonvested pension rights are part of the marital estate. *Kendrick v. Kendrick,* 902 S.W.2d 918 (Tenn.Ct.App.1994).

In addition, we think Mr. Ray's contention rests on a hyper-technical concept of vesting. While it is true that he does not have an indefeasible right to a certain benefit, he does have an accrued contractual right subject only to minimal qualifying conditions (actual termination and delivery of State Farm's property). He may choose to squander it or forfeit it by violating a non-compete provision in the contract, but that should not affect its status as marital property. The same could be said of all marital assets. Therefore, we are persuaded that the State Farm contract had a substantial value and was properly considered as a part of the marital estate.

■ Mr. Ray also argues that the proper way to treat the contractual right is the retained jurisdiction method which would assign to Mrs. Ray the right to collect a portion of the benefit when and if Mr. Ray's relationship to State Farm is finally terminated. We have chosen that method of distribution in a case involving nonvested pension rights. See *Kendrick,* supra, 902 S.W.2d at 928. However, we also recognized that the choice is within the court's discretion and it depends on the facts of each particular case. *Id.* We do not think the trial judge abused her discretion in choosing the present value method of valuing the contractual right.

We are also mindful that other states have decided that the termination rights of identical contracts have no value for division as marital property. See *Lawyer v. Lawyer,* 288 Ark. 128, 702 S.W.2d 790 (1986) and *In re Marriage of Frazier,* 125 Ill.App.3d 473, 80 Ill.Dec. 838, 466 N.E.2d 290 (1984). Both courts focus on the fact that the actual value of the contract depends on the post-divorce activities of the husband. We accept that as true, but we choose not to adopt the conclusion that, for that reason, the wife should be denied any interest whatsoever in such a substantial asset. The trial judge gave the asset to the husband. He can keep it, let it deteriorate, or make it even more valuable. We think the trial judge should be affirmed on this point.

## III.

■ Mr. Ray also contests the trial judge's valuation of the furniture and furnishings at the marital residence. Mr. Ray submitted his own opinion about the value of the personal property at the home and in his office. His opinion, based on approximately one-third of the property's replacement cost, was that the property in the home was worth $50,425. Mrs. Ray had it appraised by a professional appraiser who gave his opinion that it was worth $15,924. The trial judge found the value to be $20,000.

Although the trial judge did not articulate the reasons for setting the value at $20,000, the value chosen was within the range of the proof. And, this determination being a finding of fact, it comes to this court with a presumption of correctness. Rule 13(d), Tenn.R.App.P. We cannot say that the evidence preponderates against it.

The judgment of the trial court is affirmed and the cause is remanded to the Chancery Court of Williamson County for any further proceedings necessary. Tax the costs on appeal to the appellant.

TODD, P.J. (M.S.), and LEWIS, J., concur.