# FILED

October 15, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

# IN THE COURT OF APPEALS OF TENNESSEE
# AT NASHVILLE

| | | |
|---|---|---|
| LORETTA FOWLER, | ) | |
| | ) | |
| Plaintiff/Appellee, | ) | Rutherford Chancery |
| | ) | No. 98 DR 370 |
| VS. | ) | |
| | ) | Appeal No. |
| RONNIE DALE FOWLER, | ) | 01A01-9901-CH-00005 |
| | ) | |
| Defendant/Appellant. | ) | |

## APPEAL FROM THE CHANCERY COURT FOR RUTHERFORD COUNTY
## AT MURFREESBORO, TENNESSEE

## THE HONORABLE ROYCE TAYLOR, JUDGE

For Plaintiff/Appellee:                      For Defendant/Appellant:

Daryl M. South                               Patrick J. McHale
Murfreesboro, Tennessee                      Murfreesboro, Tennessee

# AFFIRMED AND REMANDED

WILLIAM C. KOCH, JR., JUDGE

# MEMORANDUM OPINION

This appeal involves the division of the marital estate following a relatively short marriage. The husband asserts that the manner in which the Chancery Court for Rutherford County valued and divided the marital property and marital debts was inequitable and unsupported by the evidence. We have determined that the trial court's disposition of the economic issues in this case is amply supported by the evidence, and therefore, we affirm the divorce decree in accordance with Tenn. Ct. App. R. 10(b).[1]

## I.

Loretta Fowler and Ronnie Dale Fowler, both employees at the Nissan plant in Smyrna, were married in August 1994. Both parties had been married before, and in March 1995, they signed a post-nuptial agreement intended to enable each of them to retain their separate property. The agreement also gave Ms. Fowler a preferential option to purchase the marital residence in the event of a divorce because the parties had used her separate property as the down payment for the residence. The parties had no children during their brief marriage.

The parties separated in March 1998. Ms. Fowler filed for divorce in the Chancery Court for Rutherford County, and thereafter Mr. Fowler filed an answer and a counterclaim for divorce. During a bench trial held on November 10, 1998, the parties presented conflicting evidence concerning their pre-marital financial condition and the value of their marital assets. On November 25, 1998, the trial court entered a final order declaring the parties divorced in accordance with Tenn. Code Ann. § 36-4-129 (Supp. 1998) and dividing the parties' marital property and allocating their marital debts.

The division of marital property reflected Ms. Fowler's decision to keep the marital residence in accordance with the parties' post-nuptial agreement. After

valuing the entire marital estate at $146,400, the trial court awarded Ms. Fowler property valued at $110,000[2] and Mr. Fowler property valued at $36,400.[3] The trial court also determined that the parties had accumulated $145,150 in marital debt. After deciding that the debts should be apportioned consistently with the assets they encumbered, the trial court ordered Ms. Fowler to be responsible for $100,000[4] of the total debt and Mr. Fowler to be responsible for the remaining $45,150 of debt.[5] Thus, the net effect of the trial court's division of marital property and allocation of marital debt was to award Ms. Fowler $10,000 and to make Mr. Fowler responsible for $8,750 of debt.

## II.

Mr. Fowler asserts that the trial court undervalued the marital residence and overvalued the property he received. The value of a marital asset is a question of fact. It is determined by considering all relevant evidence, and each party bears the burden of bringing forth competent evidence on valuation issues. *See Wallace v. Wallace*, 733 S.W.2d 102, 107 (Tenn. Ct. App. 1987). If the evidence of value is conflicting, the trial judge may assign a value that is within the range of values supported by the evidence. *See Ray v. Ray*, 916 S.W.2d 469, 470 (Tenn. Ct. App. 1995); *Wallace v. Wallace*, 733 S.W.2d at 107. On appeal, we presume the trial judge's factual determinations are correct unless the evidence preponderates against them. *See Jahn v. Jahn*, 932 S.W.2d 939, 941 (Tenn. Ct. App. 1996). We have reviewed the evidence regarding the valuation of the various items of marital property and the purpose of the marital debt and find that the evidence does not preponderate against the trial court's valuation decisions with regard to the marital home or the property awarded to Mr. Fowler.

## III.

Mr. Fowler also asserts that the division of the marital property and allocation of the marital debt was inequitable because his financial condition after the divorce is

worse than his financial condition prior to the marriage. While we have recognized that restoring parties whose marriage was relatively short to their pre-marriage financial condition is appropriate, *see Batson v. Batson*, 769 S.W.2d 849, 859 (Tenn. Ct. App. 1988), Mr. Fowler has not demonstrated that the trial court's division of the marital property and debts did not accomplish this goal.

Trial courts have wide latitude in fashioning an equitable division of marital property, *see Fisher v. Fisher,* 648 S.W.2d 244, 246 (Tenn. 1983), and appellate courts accord great weight to a trial court's division of marital property. *See Wilson v. Moore,* 929 S.W.2d 367, 372 (Tenn. Ct. App. 1996); *Edwards v. Edwards,* 501 S.W.2d 283, 288 (Tenn. Ct. App. 1973). Thus, appellate courts generally defer to a trial court's decision unless it is inconsistent with the factors in Tenn. Code Ann. § 36-4-121(c) (1996) or is not supported by a preponderance of the evidence. *See Brown v. Brown,* 913 S.W.2d 163, 168 (Tenn. Ct. App. 1994); *Mahaffey v. Mahaffey,* 775 S.W.2d 618, 622 (Tenn. Ct. App. 1989); *Hardin v. Hardin,* 689 S.W.2d 152, 154 (Tenn. Ct. App. 1983). A division of marital property is not rendered inequitable simply because it is not precisely equal, *see Cohen v. Cohen*, 937 S.W.2d 823, 832 (Tenn. 1996); *Ellis v. Ellis,* 748 S.W.2d 424, 427 (Tenn. 1988), or because each party did not receive a share of every piece of marital property. *See Brown v. Brown,* 913 S.W.2d at 168.

The record contains conflicting evidence concerning Mr. Fowler's pre-divorce financial condition. Mr. Fowler painted a favorable picture of his finances before the marriage; however, Ms. Fowler testified concerning several of Mr. Fowler's premarital debts that were repaid during the marriage using marital funds. In addition, the parties' post-nuptial agreement weighted the distribution of the property in Ms. Fowler's favor because it permitted her to retain the marital residence which was the single largest marital asset. Mr. Fowler cannot now complain about the effects of the post-nuptial agreement because he voluntarily assented to it. We do not find that the trial court's division of the marital estate and allocation of the marital debt was inequitable in light of the facts of this case.

## IV.

We affirm the final divorce decree and remand the case to the trial court for whatever further proceedings may be required.  We also tax the costs of this appeal to Ronnie Dale Fowler and his surety for which execution, if necessary, may issue.


_____                    WILLIAM C. KOCH, JR., JUDGE


CONCUR:


_____
BEN H. CANTRELL,
PRESIDING JUDGE, M.S.


_____
WILLIAM B. CAIN, JUDGE