IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2021 Session

**TERESA LYNN BROWN v. CHARLES FURMAN PHILLIPS, JR.**

**Appeal from the General Sessions Court for Roane County**
**No. 18-CV-2042      M. Nichole Cantrell, Judge[1]**

_____

**No. E2020-00441-COA-R3-CV**
_____

This divorce action concerns the trial court's valuation and division of the marital estate. We affirm the judgment of the trial court as modified.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court Affirmed as Modified; Case Remanded**

JOHN W. MCCLARTY, J., delivered the opinion of the court, in which ANDY D. BENNETT and THOMAS R. FRIERSON, II, JJ., joined.

James W. Brooks, Wartburg, Tennessee, for the appellant, Teresa Lynn Brown.

Robert W. Wilkinson, Oak Ridge, Tennessee, for the appellee, Charles Furman Phillips, Jr.

**OPINION**

**I.      BACKGROUND**

Teresa Brown ("Wife") and Charles "Buster" Phillips ("Husband") were married in August 1996. This was the first marriage for Wife, the third for Husband. No children were born of the marriage. Wife worked throughout the marriage for the Tennessee Highway Patrol, while Husband operated a painting business for approximately 13 years of the marriage. He closed the business in 2008 and worked sporadically thereafter. He also tended to the home and oversaw various improvements to the home. Husband admitted a substance abuse issue that plagued the marriage, resulting in the accumulation of debt ultimately paid by Wife with her wages and retirement savings.

---

[1] Sitting by interchange.

Wife filed for divorce on October 12, 2018. At that time, Wife had retired but was working part-time for the Rockwood Police Department. Husband conceded that Wife was entitled to a divorce; however, the parties could not agree upon the division of the marital estate. Wife brought substantial assets into the marriage, including the marital residence on its 10.6 acres of inherited land. Prior to the marriage, she added a fabricated home and other substantial improvements, including a double garage and front and back porches. Once married, the parties improved the property further, by adding a two-story addition, a large storage garage, a kitchen remodel,[2] and a sunroom.

The trial, conducted on November 18, 2019, focused on determining Husband's equitable interest in: (1) the marital home; (2) Wife's Tennessee Consolidated Retirement Services pension ("TCRS") which increased in value during the marriage; and (3) Wife's IRA which increased in value during the marriage. Wife testified that the value of the marital home at the time of the marriage was approximately $150,000, despite Husband's claim that a 1996 tax appraisal showed a value of $42,500. The parties later agreed that the value submitted by Husband was incorrect and that the 1996 tax appraisal from the Roane County archives showed a value of $67,200, despite Wife's claim that she believed the property was actually worth approximately $150,000.

On November 25, 2019, the trial court announced its rulings and detailed the division of marital property. These rulings were summarized by order entered December 23, 2019. The trial court found that the home was valued at $67,200 at the time of marriage and $265,000 at the time of divorce.[3] Thus, the court determined that the marital residence's value increased by $197,800. The court found that Husband substantially contributed through money early in the marriage and later through labor such as plumbing and hanging drywall to the increase in value. Wife was awarded the residence subject to her payment of $98,900 to Husband, representing half of the increase in value. The trial court considered Husband's substance abuse issues and its effect on the marriage and the parties' finances but found that there had been no wasteful expenditures or dissipation of assets by either party. As to Husband's debts, the court found that "those were all incurred as part of this failed painting business. That's marital debt." The trial court awarded Husband half of the portions of Wife's TCRS pension and Edward Jones IRA that accrued during the marriage "to be distributed by a Qualified Domestic Relations Order."

Wife moved the court for a new trial or to alter or amend its order. Following a hearing, the trial court denied the motion. This appeal followed.

---

[2] Wife cites testimony that she worked overtime to earn the money for the $50,000 kitchen remodel and cites Husband's admission that he did not contribute to the kitchen remodel at all.

[3] There is no dispute concerning the value of the property at the time of the divorce.

## II.     ISSUES

A.     Whether the trial court erred in awarding Husband $98,900, representing half the increase in value of the marital home since the marriage.

B.     Whether the trial court erred in awarding Husband one half of the increase in value of Wife's TCRS pension and IRA.

## III.     STANDARD OF REVIEW

This case was tried by the court without a jury. The review of the trial court's findings of fact is de novo with a presumption of correctness unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); *Armbrister v. Armbrister*, 414 S.W.3d 685, 692 (Tenn. 2013). Our review of a trial court's conclusions of law is de novo upon the record with no presumption of correctness. *Tyron v. Saturn Corp.*, 254 S.W.3d 321, 327 (Tenn. 2008).

The trial court has broad discretion in fashioning an equitable distribution of marital property, and an appellate court will defer to a trial court's distribution unless it is inconsistent with the statutory factors or is not supported by a preponderance of the evidence. *Baggett v. Baggett*, 422 S.W.3d 537, 543 (Tenn. Ct. App. 2013).

## IV.     DISCUSSION

### A. &. B.

Wife first takes issue with the trial court's valuation of the marital residence at the time of the marriage. The value of marital property is a question of fact. *Owens v. Owens*, 241 S.W.3d 478, 486 (Tenn. Ct. App. 2007). The trial court, as the fact finder, puts a value on a marital asset that is within the range of the evidence presented. *Wallace v. Wallace*, 733 S.W.2d 102, 107 (Tenn. Ct. App. 1987). A trial court's valuation and distribution of a marital asset will therefore be given great weight on appeal and will not be overturned unless the evidence preponderates against those findings or they are inconsistent with the applicable factors. *Owens*, 241 S.W.3d at 486; *Kinard v. Kinard*, 986 S.W.2d 220, 231 (Tenn. Ct. App. 1998); *see also Inzer v. Inzer*, No. M2008-00222-COA-R3-CV, 2009 WL 2263818, at *4 (Tenn. Ct. App. July 28, 2009). The evidence in the record does not preponderate against the trial court's valuation of the marital residence.

Wife next takes issue with the division of the increase in value in the marital residence, namely the court's award of $98,900 to Husband as his portion. In all divorce cases, after classifying the parties' property, the trial court is directed to "equitably divide,

distribute or assign the marital property between the parties without regard to marital fault in proportions as the court deems just." Tenn. Code Ann. § 36-4-121(a)(1); *Davidson v. Davidson*, No. M2003-01839-COA-R3-CV, 2005 WL 2860270, at *2 (Tenn. Ct. App. Oct. 31, 2005); *Edmisten v. Edmisten*, No. M2001-00081-COA-R3-CV, 2003 WL 21077990, at *11 (Tenn. Ct. App. May 13, 2003). Decisions regarding the value of marital property are questions of fact. *Kinard*, 986 S.W.2d at 231. Accordingly, they are entitled to great weight on appeal and will not be second-guessed unless they are not supported by a preponderance of the evidence. *Smith v. Smith*, 93 S.W.3d 871, 875 (Tenn. Ct. App. 2002); *Ray v. Ray*, 916 S.W.2d 469, 470 (Tenn. Ct. App. 1995). In making an equitable division of marital property, the trial court is guided by the following relevant factors:

> (1) The duration of the marriage;
> (2) The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
> (3) The tangible or intangible contribution by one (1) party to the education, training or increased earning power of the other party;
> (4) The relative ability of each party for future acquisitions of capital assets and income;
> (5) The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent, with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled its role;
> (6) The value of the separate property of each party;
> (7) The estate of each party at the time of the marriage;
> (8) The economic circumstances of each party at the time the division of property is to become effective;
> (9) The tax consequences to each party, costs associated with the reasonably foreseeable sale of the asset, and other reasonably foreseeable expenses associated with the asset;
> (10) The amount of social security benefits available to each spouse; and
> (11) Such other factors as are necessary to consider the equities between the parties.

Tenn. Code Ann. § 36-4-121(c). The factors are not listed in order of importance, and each is to be considered in relation to the specific facts of each case. *See Powell v. Powell*, 124 S.W.3d 100, 108 n.8 (Tenn. Ct. App. 2003).

Here, the parties agreed that Wife funded a $50,000 kitchen remodel to the marital residence without help from Husband. She worked overtime in an effort to complete the project before her retirement. She notes that the parties maintained separate bank accounts, allowing her to even trace the funds used for this particular renovation. Under these

circumstances, we hold that the trial court erred in dividing the total increase in value in the marital property at a rate of 50/50. We modify the court's award to reflect a division of 60/40 to account for Wife's contribution to the increase in value without assistance from Husband, thereby reducing Husband's award from $98,900 to $79,120.

Lastly, Wife requests an adjustment in the percentage of her TCRS and IRA awarded to Husband as marital property. *See* Tenn. Code Ann. § 36-4-121(b)(1)(B)(ii) ("'Marital property' includes the value of vested and unvested pension benefits, vested and unvested stock option rights, retirement, and other fringe benefit rights accrued as a result of employment during the marriage[.]"). She relies upon her status as the sole wage earner and Husband's waste throughout the marriage as a result of his substance abuse and his failure to financially contribute. She further claims that she is unable to pay the indebtedness assigned to her based upon the court's division of the estate. Following our review, we modify the court's award to reflect a division of 60/40 in the TCRS and IRA that increased in value during the marriage, with 60 percent awarded to Wife and 40 percent awarded to Husband.

## V.     CONCLUSION

The judgment of the trial court is affirmed as modified. The case is remanded for such further proceedings as may be necessary. Costs of the appeal are taxed to the appellee, Charles Furman Phillips, Jr.

_____
JOHN W. McCLARTY, JUDGE