IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs September 21, 2007

## SARAH ELIZABETH FERGUSON v. JOHNNY WAYNE FERGUSON

**Appeal from the Chancery Court for Lawrence County**
**No. 11376-03     Jim T. Hamilton, Chancellor**

---

**No. M2005-02468-COA-R3-CV - Filed February 13, 2008**

---

PATRICIA J. COTTRELL, P.J., M.S. dissenting in part.

Because I disagree with the majority's conclusion as to the classification of some of the personal property at issue in this appeal, I must dissent. It is undisputed that the boat and trailer were Husband's separate property prior to the marriage. Consequently, we must begin with the presumption that they should be classified as his separate property. Tenn. Code Ann. § 36-4-121(b)(2). Therefore, the burden of proving that the property had been transmuted into marital property lay with Wife. Based on the record before us, I do not believe that Wife met that burden.

The trial court's order does not reflect the basis upon which it awarded the boat and trailer to Wife. Consequently, it is for this court to review the record and determine on its own where the preponderance of the evidence lies. The specific question is whether Wife established conduct by Husband regarding the boat so as to establish an intent on his part to make a gift of the boat to the marital estate. Transmutation occurs when the parties to a marriage treat property in such a way as to evidence an intention that it become marital property. *Langschmidt v. Lanschmidt*, 81 S.W.3d 741, 747 (Tenn. 2002). In determining whether otherwise separate property has been converted to marital property, courts look to the intent and actions of the parties, and the determination is dependent upon the facts of an individual case. *Wilson v. Moore*, 929 S.W.2d 367, 374 (Tenn. Ct. App. 1996); *Batson v. Batson*, 769 S.W.2d 849, 858 (Tenn. Ct. App. 1988).

None of the usual or more obvious indices of an intent to gift the marital estate with separately owned property, such as taking title in joint names, is present herein. *See Woodward v. Woodward*, 240 S.W.3d 825, 829 (Tenn. Ct. App. 2007). Instead, the majority relies primarily on Husband's deposition statements regarding the boat, along with other items, wherein he stated, "As long as we was together it was ours." While that statement may indicate an intent to share use of the boat during the marriage, it does not, in my opinion, indicate an intent to transfer ownership. The qualifying condition of the parties being "together" is inconsistent with an intent that ownership be converted to joint. Additionally, Husband testified that he placed the boat and trailer with his daughter as collateral for loans she made to him, indicating his exercise of ownership and his belief that he was the sole owner. It also indicates a lack of intent to gift the boat and trailer to the marital estate. Accordingly, I would hold that the boat and trailer remained Husband's separate property and

were, consequently, not subject to distribution as part of the marital estate.  In all other respects, I concur with the majority opinion.

                                                 _____

                                                 PATRICIA J. COTTRELL, P.J., M.S.