IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs September 9, 2009

## LISA BASS COLLINS v. STEPHEN BUTLER COLLINS

**Direct Appeal from the Chancery Court for Henry County**
**No. 20,687    Ron E. Harmon, Chancellor**

_____

**No. W2008-02660-COA-R3-CV - Filed September 29, 2009**

_____

This case involves a divorce ending a one year marriage. Husband appeals the trial court's valuation of marital property, its decision not to include the increase in wife's separate property in the distribution of marital property and the award of temporary support to the wife during the pendency of the divorce. Because the trial court failed to properly determine the marital value on some items of property we reverse the trial court's decision as to those items and remand for further consideration. We affirm the trial court's decision as to the value of the remaining items of property and its award of temporary support. Affirmed in part, reversed in part and remanded.

**Tenn. R. App. P. 3. Appeal as of Right; Judgment of the Chancery Court Affirmed in Part, Reversed in Part and Remanded**

J. STEVEN STAFFORD, J., delivered the opinion of the court, in which ALAN E. HIGHERS, P.J., W.S., and DAVID R. FARMER, J., joined.

James H. Bradberry, Dresden, Tennessee, for the Appellant, Stephen Butler Collins.

Terry Jack Leonard, Camden, Tennessee, for the Appellee, Lisa Bass Collins.

**OPINION**

**Background**

The Appellant Stephen Butler Collins ("Husband") and Appellee Lisa Bass Collins ("Wife") were married October 28, 2006. Prior to the marriage, beginning in April of 2005, Husband and Wife resided together in the Husband's home in Paris, Tennessee. The parties separated in November 2007. Wife filed for divorce on December 13, 2007 alleging grounds of irreconcilable differences and inappropriate marital conduct. Husband answered and filed a counter-complaint for divorce on December 20, 2007 denying inappropriate marital conduct and alleging irreconcilable differences and inappropriate marital conduct.

Wife, age twenty-nine, is a college graduate and maintains a real estate license. At the time of the marriage she was employed by Wesley Housing, but quit that job in November 2006. Wife did not have outside employment during the marriage, but testified that she worked extensively in the parties' lawn business. At the time of the marriage she owned a pontoon boat and a 2004 Dodge Neon**,** both with debts owing, some personal property and a retirement account through Wesley Housing with a value of $3,369.13. Subsequent to the marriage, wife cashed in her retirement account and deposited the amount into a joint account with her Husband at Regions Bank. Wife testified that, after taxes, the amount was $2,842.30. The debt on both the pontoon boat and the Neon was paid during the marriage.

Husband, age thirty-two, possesses a master's degree in agriculture. At the time of the marriage, Husband owned a lawn business, Elite Landscaping and Farms ("lawn business"), and worked for UPS. Prior to the marriage, Husband's lawn business entered into a contract with the Henry County Board of Education for mowing and lawn services. The initial contract was for a one year period, but was subsequently renewed. During the marriage, the lawn business also entered into a mowing contract with the Dana Corporation. Husband also accrued retirement benefits with UPS.[1] At the time of the marriage, husband owned a house and real estate on which the couple resided, a 7320 John Deere Tractor, a New Holland Tractor and a separate farm. During the marriage payments were made on the debts owed on all of these assets.

On January 7, 2008 the trial court awarded Wife temporary support of $100 per week. It appears from the briefs that this was by agreement. The record does not contain an order memorializing this agreement. On January 29, 2008, Husband filed a motion to set aside the temporary support award contending that he was pressured into agreeing to the award and that the documents supporting Wife's motion contained misrepresentations. After a conference call with the court on April 11, 2008, the parties entered an order reducing temporary support to $50.00 per week. Husband, admittedly, made no further payments after April 11, 2008.

On September 4, 2008, the trial court declared the parties divorced, finding fault on the part of both Husband and Wife. The trial court found that the lawn business had increased in value by $16,000 during the marriage and awarded the business in its entirety to the Husband. The trial court further found that the Husband's house and real estate, farm, 7320 John Deere Tractor and New Holland Tractor had increased in value $33,020 during the marriage and awarded the Wife one-half of the increased value or $16,510. Wife was awarded all the personal property she brought into the marriage. The trial court also found that the Toro mower, pickup, weed eaters, trailer, cotton trailers, disc mower, and John Deere bailer were owned by Husband at the time of the marriage and had increased in value $16,089.59 during the marriage. The entire increase in value on these items was awarded to the Husband. The trial court also found that the husband sold 1,200 bales of straw at $2.00 per bale during the marriage. The Wife was awarded a one-half interest in the straw sold or

---

[1] Wife requested at trial that Husband's UPS retirement benefits accrued during marriage be divided. Upon review of the record, we find that the trial court did not address this issue. However, neither party has raised this issue on appeal and therefore we do not address the division of the UPS retirement benefits.

$1,200. Finally, Wife was granted a judgment against Husband for $1,000 representing the arrears owed in temporary spousal support.

On appeal, Husband presents five issues for our review:

1. Whether the trial court erred in finding that Elite Landscaping and Farms was owned jointly by the parties?
2. Whether the trial court erred in establishing $33,020 as the marital increase in separate property owned by the Husband prior to marriage?[2]
3. Whether the trial court erred in establishing the value of $16,089.59 as the value of marital assets?
4. Whether the trial court erred in not considering the increase in the equity of the wife's premarital assets?
5. Whether the trial court erred in setting temporary support in the amount of $100.00 per week initially with a reduction of $50.00 per week after ninety days?

**Division of Marital Property**

The division of marital property, including its classification and valuation are findings of fact. ***Woodword v. Woodword,*** 240 SW3d 825, 828 (Tenn. Ct. App. 2007). Trial courts have "wide latitude in fashioning an equitable division of marital property." ***Altman v. Altman***, 181 S.W.3d 676, 683 (Tenn. Ct. App. 2005). Accordingly, the trial court's decisions regarding classification, valuation and division of property are reviewed *de novo* with a presumption of correctness unless the evidence preponderates otherwise. ***Farrar v. Farrar***, 553 S.W.2d 741, 743 (Tenn. 1977).

When making its division of property, the trial court must first classify the property. Tennessee recognizes two distinct types or classes of property: "marital property" and "separate property." The distinction is important because Tenn. Code Ann 36-4-121(a) "provides only for the division of marital property." *See also* ***Batson v. Batson***, 769 S.W.2d 849, 856 (Tenn. Ct. App. 1988). Tenn. Code. Ann § 36-5-121(b)(1)(B) provides that any increase in value to separate property may be considered marital property if each party contributed to its preservation and appreciation. In marriages of short duration, like this one, the trial court should divide the property so as to place the parties in a position as close as possible to where they would have been had the marriage never taken place. ***Id.*** at 859.

Dividing a marital estate is not a mechanical process; the goal is to fashion an equitable remedy considering the non-exclusive factors set for in Tenn. Code. Ann § 36-4-121(c):

      1.     The duration of the marriage;

---

[2] In their briefs, both parties state that the trial court found the marital increase in Husband's separate property to be $33,021.47. However, the Final Decree states that the marital increase in Husband's separate property was $33,020.

2. The age, physical and mental health, vocational skills, employability, earning capacity, estate, financial liabilities and financial needs of each of the parties;
3. The tangible or intangible contributions by one party to the education, training or increased earning power of the other party;
4. The relative ability of each party for future acquisition of capital assets and income;
5. The contribution of each party to the acquisition, preservation, appreciation, depreciation or dissipation of the marital or separate property, including the contribution of a party to the marriage as homemaker, wage earner or parent with the contribution of a party as homemaker or wage earner to be given the same weight if each party has fulfilled his role;
6. The value of the separate property of each party;
7. The estate of each party at the time of the marriage;
8. The economic circumstances of each party at the time of the marriage;
9. The tax consequences to each party associated with the reasonably foreseeable sale of the asset and other reasonably foreseeable expenses associated with the asset;
10. The amount of social security benefits available to each spouse;
11. And such other factors as are necessary to consider the equities between the parties.

The division of marital property is rooted in equity, and a division of marital property is not rendered inequitable merely because it is not precisely equal, *Cohen v. Cohen*, 937 S.W.2d 823, 832 (Tenn. 1996); *Ellis v. Ellis*, 748 S.W.2d 424, 427 (Tenn. 1988) or because each party does not receive a share or portion of each marital asset. *Cohen*, 937 S.W.2d at 833 (citing *Brown v. Brown*, 913 S.W2d 163, 168 (Tenn. Ct. App. 1994)).

We must first point out that neither Husband nor Wife provided this Court with a table as required by Rule 7 of the Rules of the Court of Appeals. Rule 7 states:

(a) In any domestic relations appeal in which either party takes issue with the classification of property or debt or with the manner in which the trial court divided or allocated the marital property or debt, the brief of the party raising the issue shall contain, in the statement of facts or in an appendix, a table in a form substantially similar to the form attached hereto. This table shall list all property and debts considered by the trial court, including: (1) all separate property, (2) all marital property, and (3) all separate and marital debts.

(b) Each entry in the table must include a citation to the record where each party's evidence regarding the classification or valuation of the property or debt can be found and a citation to the record where the trial court's decision regarding the classification, valuation, division, or allocation of the property or debt can be found.

(c) If counsel disagrees with any entry in the opposing counsel's table, counsel must include in his or her brief...a similar table containing counsel's version of the facts.

This Court has previously held "'where an appellant fails to comply with this rule, that appellant waives all such issues relating to the rule's requirements.'" *Slaughter v. Slaughter*, No. W2007-01488-COA-R3-CV, 2008 WL 1970491, at *2 (Tenn. Ct. App. 2008)(quoting *Stock v. Stock*, No. W2005-02634-COA-R3-CV, 206 WL 3804420, at *5, n.3 (Tenn. Ct. App. 2006)(quoting *Howell v. Howell*, No. W2001-01167-COA-R3-CV, 2002 WL 1905307, at *4 (Tenn. Ct. App. 2002)(citing *Bean v. Bean*, 40 S.W.3d 52 (Tenn. Ct. App. 2000)). "This Court is under no duty to search a trial court record in order to discern the valuation of the couple's property." *Slaughter*, 2008 WL 1970491 at *2 (citations omitted). For good cause, this Court may suspend the requirements of these rules in a particular case. Tenn. R. App. Ct. Rule 7. The intent of the Rules is for all cases to be decided on the merits if possible. With this in mind we have conducted a tedious and meticulous review of the parties' briefs and the record and have been able to determine the evidence of values presented at trial and the findings by the trial court. Consequently, we will proceed with our review despite the parties' failure to comply with the rules of this Court.

Husband first contends that the trial court erred in determining that Elite Landscaping Company was owned by both of the parties. Upon our review of the record, we find that the Final Decree states, "It is further ordered, adjudged, and decreed that the business of the Husband known as Elite Landscaping and Farms has a marital increase in value of $16,000.00 which company in its entirety is awarded to the Husband." It appears clear that the trial court awarded the business solely to the Husband. In reviewing the transcript, the trial court did make a statement where it might be inferred that the lawn business was owned by both parties. However, it is well settled that the court speaks through its orders and not transcripts. **In Re Adoption of E.N.R.**, 42 S.W.3d 26, 31 (Tenn. 2001); see also **Palmer v. Palmer**, 562 S.W.2d 833, 837 (Tenn. Ct. App. 1977). Therefore, we find this issue to be without merit.

Husband also submits that the trial court erred when it determined the increase in the value of the lawn business during the marriage and found the increase to be marital property. Both the classification and values of marital property are questions of fact to be determined by the trial court. **Woodward v. Woodward**, 240 S.W.3d 825, 828 (Tenn. Ct. App. 2007). The trial court's determination will not be disturbed unless the evidence preponderates against it. **Id.**

During the hearing both Husband and Wife testified to the role Wife played in the business during the marriage. Wife testified that she worked extensively, often more than forty hours a week in the business and that it became full time employment for her. She further testified that the

business grew to perform both residential and commercial lawn services during the marriage. Proof was also presented that the mowing contract executed with Dana Corporation and with the Henry County School Board were renewed during the marriage. The trial court also had proof as to the value of these contracts and the profit and loss of the business. We have reviewed the record and find that the evidence does not preponderate against the trial court's findings that the increase in the value of the Husband's lawn business was marital property and that the increase in value was equal to $16,000.

Husband also contends that the trial court erred in establishing a value of $33,020 for the marital increase in Husband's premarital property, which included Husband's house and real estate, farm, 7320 John Deere Tractor and New Holland Tractor.[3] Specifically, Husband asserts that the trial court erred in not considering the current value of these items, but only the amount of debt reduction during marriage. At trial, Husband testified as to the current value of these assets along with the amount of debt reduction during marriage. Wife presented only evidence of the amount of debt reduction on each of these assets. The proof from Husband and Wife differed on the amount of debt paid on some of these items. The trial court accredited the testimony of the Wife regarding the amount of debt reduction and found that the marital value equaled the amount of debt reduction during marriage.

The valuation of a marital asset is a question of fact to be determined considering all relevant evidence. **Kinard v. Kinard**, 986 S.W.2d 220, 230 (Tenn. 1998) (citations omitted). The trial court is instructed to value the property as close to the final hearing as reasonably possible. Tenn. Code Ann. § 36-4-121(b)(1)(A). The parties have "the burden of bringing forth evidence regarding the value of marital assets, and they are bound by the evidence they present, or...did not present." **Belvins v. Belvins,** No.M2002-02583-COA-R3-CV, 2003 WL 23094162, at *3 (Tenn. Ct. App. Dec 30, 2003). "If the evidence of value is conflicting, the trial judge may assign a value that is within the range of values supported by the evidence." **Kinard,** 986 S.W.2d at 230. We are to presume the trial court's determinations are correct unless the evidence preponderates against them. **Id.**

We find that the trial court erred in using only the amount of debt reduction during marriage to establish the marital value of these items. There are two ways in which property may increase in value. "The fair market value of the property, itself, may increase, for example, through market conditions, renovations or additions, or debts on the property may be paid, such that equity in the property increases. **Belvins, 2003 WL 23094162** at *5. Likewise, property may also decrease in value during marriage. If the fair market value of property declines during the marriage, equity does not necessarily increase as payments are made. **Id.**

Because the trial court only considered the amount of debt reduction, it did not determine a value within the range of values supported by the evidence. Therefore we reverse the trial court's

---

[3] It should be noted that neither party takes issue with classifying the increase in value as marital property and therefore we do not review that issue on appeal.

determination and remand to make a determination using the correct analysis of value, incorporating both evidence of fair market value of the property and debt reduction, where appropriate.

Husband further argues that the trial court erred by not taking into account the use of his separate property during the marriage. Specifically, Husband contends that in determining the marital increase in separate property, the trial court should have taken into consideration the utilization of approximately $15,000 he had in a bank account at the time of marriage, and some machinery and a loader which depreciated during marriage. The trial court is directed to only divide marital property. Tenn. Code Ann. § 36-4-121(a)(2). Husband admits that the bank account, machinery and loader were his separate property. Accordingly, these items would not be subject to division as marital property unless the court found that they had become marital property either through transmutation[4] or by both parties substantially contributing to the preservation and appreciation of these items. See **Langschmidt v. Langschmidt**, 81 S.W3d 741, 747 (Tenn. 2002) and Tenn. Code Ann. § 36-4-121(b)(1)(B). Because the trial court did not classify these items as marital property, we find that the trial court did not err in excluding them from consideration.

The trial court also found that the following items had a marital increase in value of $16,089.59: Toro mower, pickup, weed eaters, trailer, cotton trailers, disc mower, and John Deere Bailer.[5] The items along with their marital increase in value were awarded to the Husband. Husband, again, contends that the trial court erred in only considering the debt reduction when determining their increase in value during the marriage.

We first address the Toro mower, weed eaters, trailer and cotton trailer. Wife testified that she placed the present value of the Toro mower at $6,500, the weed eaters at $150, the trailer at $500 and the two cotton trailers at $400.[6] Husband, on the other hand, testified that based on the present value and debt paid, the Toro mower was worth $3,500, the weed eaters $100, the trailer $2,400, and the two cotton trailers $400. The value of a marital asset is a question of fact to be determined by the trial court and that determination will be upheld as long as it is within the range of values supported by competent evidence. **Kinard**, 986 S.W.2d at 230. In this case, both parties presented evidence as to the value of those items. Other than his own testimony, Husband does not offer any proof that the Wife's assessment of value is inaccurate. We find that the evidence does not preponderate against the values determined by the trial court on the Toro mower, weed eaters, trailer and cotton trailer. We affirm the trial court's valuation of these items.

---

[4]Transmutation occurs when parties treat separate property in such a way as to reflect an intention that it become marital property. When this done, separate property can become marital property. *Langschmidt v. Langschmidt*, 81 S.W3d 741, 747 (Tenn. 2002).

[5]We note that in the Final Decree the trial court finds that these items were owned by Husband at the time of marriage. The proof at trial indicates that both parties believe many of these items were acquired post marriage, however neither party takes issue with the trial court's classification. Therefore, we do not address this issue on appeal.

[6] An owner of property is competent to testify as to the value of his or her property. *Stinson v. Stinson*, 161 S.W.3d 438, 446 (Tenn. Ct. App. 2004)(citing *Haynes v. Cumberland Builders Inc.*, 546 S.W.2d 228, 234 (Tenn. Ct. App. 1976).

Next we address the valuation of the disc mower. Wife testified that she valued the disc mower at $700. Husband failed to present any evidence as to the value of the mower. The parties are bound by the evidence they present or do not present on the issue of valuation. **Belvins v. Belvins**, No.M2002-02583-COA-R3-CV, 2003 WL 23094162, at *3 (Tenn. Ct. App. Dec 30, 2003). Consequently, we must find that the evidence does not preponderate against the trial court's finding of value for the disc mower.

We find, however, that the trial court erred in determining the value of the bailer and the pickup. Wife testified that the bailer was worth $4,980.80 since this was the amount of debt paid on it during marriage. Husband testified that considering the present value and the debt paid, the bailer was worth $1,500. As to the pickup, the exhibit presented by the wife indicates a value of $2,858.79. There is no testimony from the wife as to how she arrives at this figure and it appears that the figure represents the payments made on the truck during the marriage. Husband, however, testified that the truck had a $0 marital increase in value. He bases this determination on the decrease in value of the vehicle and the debt paid. Equity does not necessarily increase just because payments are made. **Belvins, 2003 WL 23094162** at *5. By failing to consider the fair market value of both the bailer and the pickup, the trial court erred in determining the increase in marital value. We reverse the trail court's determination of value for the bailer and pick up and remand for valuation using the correct standard.

In sum, we affirm the trial court's finding of value for the Toro mower, weed eaters, trailer, cotton trailers, and disc mower. We, however, reverse and remand for determination of value of the house and land, farm, 7320 John Deere Tractor, New Holland Tractor, pickup and bailer

Finally, Husband contends that the trial court erred in failing to consider the increase in value of the Wife's premarital assets. On appeal, Husband argues that failure to consider the marital increase in Wife's premarital property is "unfair." The trial court found that approximately $600 of marital funds were utilized to pay the debt owing on Wife's pontoon boat and $3,600 of marital funds were utilized to pay the debt owing on Wife's Neon. Upon review of the record, we find that Wife testified and offered proof that the money from her retirement account went to pay off her Neon. Wife further testified that the pontoon boat was also paid off during the marriage. Husband testified that both the Neon and pontoon boat were paid off during the marriage, using both marital funds and Wife's retirement account. Husband did not specify whether Wife's retirement funds went towards the debt owing on the pontoon boat or the Neon. Therefore, we find that the evidence preponderates against the trial court's finding and we remand this issue to the trial court to determine what portion of the debts were paid with marital funds and divide appropriately.

In dividing property, the trial court must first classify and value the property. **Owens v. Owens**, 241 S.W.3d 478, 489–90 (Tenn. Ct. App. 2007). After classification and valuation, the trial court is to equitably divide all marital property. **Id.** As a result of our holding that the trial court erred in determining the values of certain marital property, we must also remand so that the trial court may determine whether the division of property is equitable after revaluing the property. "Our finding necessitates a remand of the entire property division, since a significant shift in the value of

one asset could impact the overall apportionment." ***Silvey v. Silvey***, E2001-02007-COA-R3-CV, 2002 WL 445062 at *2 (remanding for revaluation and division after finding insufficient proof to support the trial court's determination of value); See also ***Langschmidt***, 81 S.W.3d at 750 and ***Belvins***, 2003 WL 23094162 at *4 (finding no proof as to value of certain marital property remanded for valuation and equitable division).

## Alimony

As a final issue on appeal, Husband contends that the trial court erred in setting temporary spousal support at $100 per week initially and then reducing it to $50 a week after the April 11, 2008 hearing. Husband first takes issue with the "Consent Order," setting temporary support at $100 a week. Neither the order nor a transcript of the January 7, 2008 proceeding appears in the record. Husband also takes issue with the April 11, 2008 modification of the temporary support to $50 a week. An order was filed reflecting this modification on May 15, 2008. It merely states "that pending a final hearing or successful mediation the temporary support obligation of the [Husband] shall be reduced from $100.00 per week to $50.00 per week." The record does not contain a transcript of the April 11, 2008 hearing. Husband had a duty to "prepare a record which conveys a fair accurate and complete account of what transpired in the trial court with respect to the issues which form the basis of the appeal." ***Nickas v. Capadalis***, 954 S.W.2d 735, 742 (Tenn. Ct. App. 1997). Because the record before us does not contain a transcript or statement of the evidence from these proceedings, "we must assume that the record, had it been preserved, would have contained sufficient evidence to support the trial court's factual findings." ***Sherrod v. Wix***, 849 S.W.2d 780, 783. (Tenn. Ct. App. 1992). We must affirm the trial court's award of temporary spousal support to the Wife.

## Conclusion

For the aforementioned reasons, we affirm the trial court's assessment of value on the Toro mower, weed eaters, trailer, cotton trailers and disc mower. We reverse the finding of value on the Husband's house and land, farm, 7320 John Deere Tractor, New Holland Tractor, pickup and bailer and remand for further consideration in accordance with this opinion. We reverse the trial court's determination of marital funds used to pay off Wife's Neon and pontoon boat and remand for further consideration. Further, we affirm the trial court's award of temporary support to the Wife. Costs of this appeal are taxed equally to Appellant, Stephen Butler Collins, and his surety, and Appellee, Lisa Bass Collins, for which execution may issue if necessary.

_____
J. STEVEN STAFFORD, J.
