IN THE COURT OF APPEALS OF TENNESSEE
AT JACKSON
November 17, 2016 Session

**KATHY HUDSON v. WILLIAM T. HUDSON**

**Appeal from the General Sessions Court for McNairy County**
**No. 11DV126        Van McMahan, Judge**

_____

**No. W2015-01519-COA-R3-CV**

_____

This is the second appeal of this case. In the first appeal, the Husband appealed the trial court's valuation of the marital assets and its overall distribution of the marital estate. Appellant Husband now appeals the trial court's adoption of Appellee Wife's property survey dividing certain real property. Husband also appeals the trial court's valuation of a tractor and attachments, which were awarded to Wife in the final decree of divorce. Because Wife's survey does not comport with the division of real property as set out in the final decree of divorce, the trial court abused its discretion in adopting it. Accordingly, we reverse the trial court's order as to the adoption of Wife's survey. As to the value of the tractor, we conclude that the trial court's valuation is within the range of values represented by the evidence and affirm this portion of the trial court's order. Reversed in part, affirmed in part and remanded.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the General Sessions Court is Reversed in part, Affirmed in Part, and Remanded.**

KENNY ARMSTRONG, J., delivered the opinion of the court, in which ARNOLD B. GOLDIN, J., and DAVID R. FARMER, SP. J., joined.

Stuart Brian Breakstone, Memphis, Tennessee, and Leanne Thorne, Lexington, Tennessee for the appellant, William T. Hudson.

George D. Norton, Jr., Selmer, Tennessee, for the appellee, Kathy Hudson.

**OPINION**

**I.        Background**

This is the second appeal of this case, which began on November 8, 2012 when the trial court entered a final decree of divorce that Appellant William T. Hudson ("Husband") appealed challenging the trial court's valuation of the marital assets and its distribution of the marital estate. ***Hudson v. Hudson***, No. W2013-00999-COA-R3-CV, 2014 WL 2854257 (Tenn. Ct. App. June 23, 2014)("Hudson I"). Finding no error in the trial court's valuation of the marital property or the division of the marital estate, we affirmed the trial court's final decree of divorce. ***Hudson I***, 2014 WL 2854257 at *4 -*5.

Mr. Hudson and Appellee Kathy Hudson ("Wife") were married on November 18, 2000. The parties were divorced by final decree entered on November 8, 2012. As is relevant to this appeal, in the final decree of divorce, the trial court divided 68 acres of marital property into three separate tracts, see discussion *infra*.[1] The trial court awarded Wife the marital home with three acres. Wife's mother occupied a mobile home that was located on the 68 acre tract. The trial court also awarded Wife "10 acres … wherein the mobile [home] is located." The court's order specified that "the said ten acres shall be the 10 acres immediately surrounding said mobile home." Additionally, the final decree of divorce grants Wife an easement for ingress and egress to the ten-acre tract of land immediately surrounding the mobile home. The trial court awarded Husband the remaining fifty-five acres. According to the order, the parties were each to pay one half of the cost to survey and divide the property as directed. Wife was also awarded a Kubota tractor with attachments (i.e. front end loader, bucket, and hay fork).

Following the divorce, Husband allegedly attempted to collaborate with Wife to procure the ordered survey; however, Husband soon discovered that Wife had hired a surveyor unbeknownst to Husband. Wife's survey severed a single contiguous 13-acre tract of land, the majority of which surrounded the marital home and contained the entire road frontage.

On September 2, 2014, Husband filed a motion for contempt and for a new survey. On September 25, 2014, Wife filed an answer denying any contempt. Concurrent with her answer, Wife filed a cross-petition for contempt against Husband, wherein she asserted that Husband was in contempt of the divorce decree for failing to tender the tractor that was awarded to Wife. The cross-petitions for contempt were heard by the trial court on October 14, 2014. The trial court did not enter an order until April 23, 2015, wherein it found that neither party was in contempt and denied Husband's motion for new survey.

On April 23, 2015, Husband filed a motion for reconsideration and for findings of fact pursuant to Tennessee Rules of Civil Procedure 52.02 and 60.02. In his motion, Husband requested that the trial court reconsider its prior adoption of Wife's survey and

---

[1] In ***Hudson I***, Wife did not challenge the trial court's division of the 68 acre parcel of land into three separate tracts.

that it make findings of fact, which were absent from the April 23, 2015 order. Also on April 23, 2015, Wife filed a "motion" for civil and criminal contempt alleging that Husband had not yet relinquished the tractor and attachments. Wife requested that Husband be ordered to return the tractor and its attachments, or, in the alternative, that he be ordered pay the monetary value of the equipment as determined by the court. At the hearing on the parties' motions, Husband tendered two surveys: Wife's original survey and a second survey procured by Husband. Wife testified that the value of the tractor and its attachments was $40,000. Husband testified that the value of the tractor and its attachments was between $12,000 and $15,000. By order of July 2, 2015, the trial court again denied Wife's motion for contempt, but ordered Husband to tender the tractor to Wife by May 15, 2015, or to pay her $26,000. By order of July 20, 2015, the trial court denied Husband's motion to reconsider and held that Wife's survey "comports with the [c]ourt's ruling in the final decree of divorce. . . and shall be adopted.[2]" Husband appeals.

## II.    Issues

Appellant presents the following issues as stated in his brief:

1.    Did the trial court err in denying Husband's motion for contempt and for a new survey, and later the motion to alter or amend, when it determined that Wife's survey comported with the judgment of divorce?

2.    Did the trial court err in assigning a value of $26,000 to the Kubota tractor and implements?

## III.    Standard of Review

We review a trial court's ruling on a Rule 60.02 motion for relief from a final judgment, **Henry v. Goins,** 104 S.W.3d 475, 479 (Tenn. 2003), and a motion to revise under Rule 52.02, under the abuse of discretion standard. **Holladay v. Speed,** 208 S.W.3d 408, 415 (Tenn. Ct. App. 2005)(citing **Long Equip. Co. v. Keaton,** 736 S.W.2d 611, 614 (Tenn. Ct. App. 1987)).

Abuse of discretion is found "'only when the trial court applied incorrect legal standards, reached an illogical conclusion, based its decision on a clearly erroneous assessment of the evidence, or employed reasoning that causes an injustice to the complaining party.'" **State v. Jordan,** 325 S.W.3d 1, 39 (Tenn. 2010) (quoting **State v.**

---

[2] We note that the record does not reveal any pleadings wherein the parties' ownership interest was divested from one party to the other, nor did the record contain any quitclaim deeds describing such a transfer.

*Banks*, 271 S.W.3d 90, 116 (Tenn. 2008)). The abuse of discretion standard does not permit an appellate court to merely substitute its judgment for that of the trial court. *Discover Bank v. Morgan*, 363 S.W.3d 479, 487 (Tenn. 2012); *see also* ***Eldridge v. Eldridge***, 42 S.W.3d 82, 85 (Tenn. 2001); ***Henry***, 104 S.W.3d at 479. Instead, "[u]nder the abuse of discretion standard, a trial court's ruling 'will be upheld so long as reasonable minds can disagree as to [the] propriety of the decision made.'" ***Eldridge***, 42 S.W.3d at 85 (quoting ***State v. Scott***, 33 S.W.3d 746, 752 (Tenn. 2000)).

We review the trial court's findings of fact *de novo* with a presumption of correctness, unless the evidence preponderates otherwise. Tenn. R. App. P. 13(d); ***Crabtree v. Crabtree***, 16 S.W.3d 356, 360 (Tenn. 2000). However, "[i]nterpretation of the Tennessee Rules of Civil Procedure is a question of law, which we review de novo with no presumption of correctness." ***Pratcher v. Methodist Healthcare Memphis Hosps.***, 407 S.W.3d 727, 734 (Tenn. 2013) (quoting ***Thomas v. Oldfield***, 279 S.W.3d 259, 261 (Tenn. 2009)).

## IV.    Analysis

### A.    Competing Surveys

Husband argues that the trial court erred in denying his motion for contempt and for a new survey. Husband's argument is based on the premise that Wife's survey does not comport with the final decree of divorce.

The final decree of divorce states, in pertinent part, as follows:

> The [Wife] is awarded most of the 701 Meeks Road property. This is the property wherein the marital home is located. This property contains *two different tracts of property*:  1) the marital home situated on three acres. This property is valued at $160,000.00; and 2) sixty-five acres.
>
> [Wife] is awarded 10 acres of the subject 65 acres wherein the mobile is located, including the mobile home. [Husband] is awarded the remaining 55 acre tract. Wife is awarded ingress and egress onto the 10 acre tract. The said 10 acres *shall be the 10 acres immediately surrounding said mobile home*. The parties are to each pay one-half of the cost to survey and divide the property as above directed, as may be necessary.
>
> ***
>
> [Wife] is awarded all of the remaining property at the Meeks Road address, including the above mentioned ten acres *and* the three acres containing the marital home.

- 4 -

(emphases added).

The crux of Husband's argument is that, in adopting Wife's survey, the trial court failed to adhere to its original order regarding the division of the real property. In ***Hudson I***, this Court affirmed the division of marital property outlined in the final decree of divorce. Accordingly, the trial court must apply the terms of the final decree of divorce in any post-divorce motions, such as the one giving rise to this appeal. In other words, the final decree of divorce constitutes the law of the case which the Tennessee Supreme Court has described as follows:

> a legal doctrine which generally prohibits reconsideration of issues that have already been decided in a prior appeal of the same case. 5 Am.Jur.2d *Appellate Review* § 605 (1995). In other words, under the law of the case doctrine, an appellate court's decision on an issue of law is binding in later trials and appeals of the same case if the facts on the second trial or appeal are substantially the same as the facts in the first trial or appeal. *Life & Casualty Ins. Co. v. Jett,* 175 Tenn. 295, 299, 133 S.W.2d 997, 998–99 (1939); *Ladd v. Honda Motor Co., Ltd.,* 939 S.W.2d 83, 90 (Tenn.App.1996).
>
> ***
>
> [I]t is a longstanding discretionary rule of judicial practice which is based on the common sense recognition that issues previously litigated and decided by a court of competent jurisdiction ordinarily need not be revisited. *Ladd,* 939 S.W.2d at 90 (citing other cases). This rule promotes the finality and efficiency of the judicial process, avoids indefinite relitigation of the same issue, fosters consistent results in the same litigation, and assures the obedience of lower courts to the decisions of appellate courts. *Ladd,* 939 S.W.2d at 90; 5 Am.Jur.2d *Appellate Review* § 605 (1995); 1B James W. Moore, *Moore's Federal Practice* ¶ 0.404[1] (2d ed.1995); 18 Charles A. Wright, Arthur R. Miller & Edward H. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981).

*Memphis Publ. Co. v. Tennessee Petroleum Underground Storage Tank Bd.,* 975 S.W.2d 303, 306 (Tenn. 1998).

We concede that as a general rule, the trial court is in the best position to interpret its own orders. ***Jackman v. Jackman***, 373 S.W.3d 535, 543 (Tenn. Ct. App. 2011). Orders, like other written instruments, should be enforced according to their plain meaning. *See **Bob Pearsall Motors, Inc. v. Regal Chrysler-Plymouth, Inc.,*** 521 S.W.2d 578, 580 (Tenn. 1975). Thus, courts called upon to interpret orders should construe the language in the order in light of its usual, natural, and ordinary meaning. *See **Staubach***

***Retail Servs.-Southeast, LLC v. H.G. Hill Realty Co.,*** 160 S.W.3d 521, 526 (Tenn. 2005); ***Planters Gin Co. v. Fed. Compress & Warehouse Co.,*** 78 S.W.3d 885, 889-90 (Tenn. 2002). If the language in an order is clear, then the literal meaning of the language in the order controls. *See* ***Konvalinka v. Chattanooga-Hamilton Cty. Hosp. Auth.,*** 249 S.W.3d 346, 359 (Tenn. 2008); ***Allstate Ins. Co. v. Watson,*** 195 S.W.3d 609, 611 (Tenn. 2006); ***Teter v. Republic Parking Sys., Inc.,*** 181 S.W.3d 330, 342 (Tenn. 2005).

From the plain and ordinary language used in the order it is clear that the trial court awarded Wife *two separate tracts of land,* a ten-acre tract and a three acre tract (containing the marital residence). Concerning the ten acre tract, the final decree of divorce specifies that Wife shall receive "the 10 acres immediately surrounding said mobile home." Despite these clear mandates, Wife's survey apportions a single contiguous 13-acre tract of land, the majority of which surrounds the marital home and contains the entire road frontage. This division of the 68-acre tract is not consistent with the trial court's order that was affirmed on appeal. Furthermore, the final decree of divorce grants Wife an easement for ingress and egress to the ten-acre tract of land immediately surrounding the mobile home. Had the trial court intended for Wife's portion of the property to include all of the road frontage, there would have been no need for the easement for ingress and egress. In adopting Wife's survey, the trial court fails to follow its own previous ruling. Not only does the trial court's adoption of Wife's survey negate its central ruling regarding the property division in the final decree of divorce, it also creates an illogical and unjust result, whereby Husband has no road frontage to his remaining 55-acre tract and he has no express easement for access to his acreage. Consequently, we hold that the trial court abused its discretion and we reverse the trial court's order adopting Wife's survey. Conversely, Husband's survey grants Wife two separate and distinct tracts of land, each with road frontage for ingress and egress. Other than providing for an easement, which is unnecessary since both of Wife's parcels have road frontage, Husband's survey comports with the final decree of divorce. Therefore, we remand this case to the trial court with instructions to adopt the survey submitted by Husband.

## B. Valuation of the Tractor

Husband next argues that the trial court erred in valuing the tractor at $26,000 when the actual value of the tractor is $12,000. The trial court's valuation of a marital asset is a question of fact and is entitled to a presumption of correctness. ***Watson v. Watson***, 309 S.W.3d 483, 493 (Tenn. Ct. App. 2009)(citing ***Watters v. Watters,*** 959 S.W.2d 585, 589 (Tenn. Ct. App. 1997)); ***Woodward v. Woodward,*** 240 S.W.3d 825, 828 (Tenn. Ct. App. 2007); ***Kinard v. Kinard,*** 986 S.W.2d 220 at 231 (Tenn. Ct. App. 1998). In accordance with Tennessee Rule of Appellate Procedure 13(d), the trial court's valuation of marital property will be presumed to be correct unless the evidence preponderates otherwise. ***Wallace v. Wallace,*** 733 S.W.2d 102, 107 (Tenn. Ct. App.

1987). Decisions as to the value of the parties' assets are entitled to great weight on appeal and will not be second-guessed unless they are not supported by a preponderance of the evidence. *Woodward,* 240 S.W.3d at 828; *Ray v. Ray,* 916 S.W.2d 469, 470 (Tenn. Ct. App. 1995).

With the foregoing in mind, we turn to the record. At the hearing Wife testified that the tractor and front-end loader were purchased new over ten years earlier for $44,000. She argued that the tractor and the attachments had a current value of $40,000.00. Based on his prior dealings with purchasing and using tractors, Husband testified that the tractor and attachments were worth between $12,000 and $15,000. Given Wife's admission at the hearing that she had never bought, sold or used a tractor, and her admission that she did not know how many hours were on the tractor, and had no independent proof of the value of the tractor and its attachments, Husband argues that her valuation was mere speculation and should be afforded no weight or credit. In Tennessee, a property owner is automatically deemed qualified to offer an opinion as to the value of his or her own property simply by virtue of owning it. *State ex rel. Smith v. Livingston Limestone Co.,* 547 S.W.2d 942, 943 (Tenn. 1977); *Stinson v. Stinson,* 161 S.W.3d 438, 446 (Tenn. Ct. App. 2004). However, a property owner's opinion regarding valuation cannot be given any weight where it is clear that the owner's testimony is founded on pure speculation. *Sikora v. Vanderploeg*, 212 S.W.3d 277, 284 (Tenn. Ct. App. 2006); *see also Airline Constr., Inc. v. Barr,* 807 S.W.2d 247, 256 (Tenn. Ct. App. 1990) ("There must be some evidence, apart from mere ownership, that this 'value' is a product of reasoned analysis.").

Given the conflicting evidence regarding the valuation of the tractor and its attachments, we conclude that the trial court did not err in valuing these items at $26,000, which is "within the range of the values represented by all the relevant valuation evidence." *Woodward,* 240 S.W.3d at 828 (citing *Watters v. Watters,* 959 S.W.2d 585, 589 (Tenn. Ct. App. 1997)); *Brock v. Brock,* 941 S.W.2d 896, 902 (Tenn. Ct. App. 1996)); *see also Wallace,* 733 S.W.2d at 107 ("the trial court, in its discretion, is free to place a value on a marital asset that is within the range of the evidence submitted"); *Ogles v. Ogles*, No. M2013-02215-COA-R3-CV, 2015 WL 113336, at *4 (Tenn. Ct. App. Jan. 7, 2015). Accordingly, the evidence does not preponderate against the trial court's finding and we affirm the trial court's order as to the valuation of the tractor and attachments.

## B. Conclusion

For the foregoing reasons, we reverse the trial court's order adopting Wife's survey and remand this case to the trial court with instructions to adopt the survey submitted by Husband. The trial court's order is affirmed in all other respects. The case is remanded for such further proceedings as may be necessary and are consistent with this opinion. Costs of the appeal are assessed equally against the parties, one-half to

Appellant William T. Hudson and his surety, and one-half to Appellee Kathy Hudson, for all of which execution may issue if necessary.

_____
KENNY ARMSTRONG, JUDGE